**JOHN L. BURRIS ESQ., SBN 69888**
**DEWITT LACY, ESQ., SBN 258789**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
Dewitt.Lacy@johnburrislaw.com

Attorneys for Plaintiff
MELVIN PEARSON

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN PEARSON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ALAMEDA, a municipal corporation; ERIC CHALONER, individually and in his capacity as a Deputy Sheriff for the COUNTY OF ALAMEDA; and DOES 1-25, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. On July 12, 2015, Plaintiff Melvin Pearson was kicked off of his bike by Defendant Deputy Eric Chaloner of the Alameda County Sheriff's Department and subsequently mauled by a K-9 Officer while he laid handcuffed and defenseless on the ground.

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating the Fourth and Fourteenth Amendment under the United States Constitution and state law

COMPLAINT FOR DAMAGES - 1

in connection with the beating and vicious mauling of Plaintiff Melvin Pearson, who was seriously injured as a result of the unlawful and/or negligent use of force by the County of Alameda Sheriff's Department.

## JURISDICTION

3. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

4. Plaintiff MELVIN PEARSON ("Pearson") is a resident of California and a United States Citizen.

5. Defendant COUNTY OF ALAMEDA ("County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Alameda County Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of Eric Chaloner, and DOES Defendants, individually and as peace officers.

6. Defendant ERIC CHALONER("Chaloner"), at all times mentioned herein, was a Deputy Sheriff for the Alameda County Sheriff's Department, and is sued in his individual capacity, and in his capacity as a Deputy Sheriff of the Alameda County Sheriff's Department.

7. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

8. Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.  Plaintiff filed a claim against the County of Alameda on January 11, 2016. The claim was rejected by the County on March 28, 2016.

## FACTUAL ALLEGATIONS

9. On July 12, 2015 at approximately 1:30 a.m., Plaintiff Melvin Pearson was riding his bike down Maymont Lane in Dublin California when all of a sudden he was approached by a Dublin Police Department vehicle.

10. At the time, Defendant Deputy Chaloner, along with a K-9 Officer approached Plaintiff Pearson. Defendant Deputy Chaloner questioned Plaintiff Pearson as to why he was around the area. Plaintiff Pearson provided his identification card to prove that he in fact lived in the area. Confused, Plaintiff Pearson then asked Defendant Deputy Chaloner why he stopped and questioned him without any apparent reason. Inexplicably and without legal cause or just provocation, Defendant Deputy Chaloner kicked Plaintiff Pearson in the ribs, causing him to fall off of his bike.

11. Defendant Deputy Chaloner then grabbed his gun and pointed it at Plaintiff Pearson. Defendant Deputy Chaloner proceeded to handcuff Plaintiff Pearson. While Plaintiff Pearson laid handcuffed, without legal justification, Defendant Deputy Chaloner released the K-9 Officer on Plaintiff Pearson. The K-9 Officer mercilessly bit Plaintiff Pearson's rear left leg five times without interference from Defendant Deputy Chaloner. The K-9 Officer gripped Plaintiff Pearson's leg by his teeth and aggressively tugged Plaintiff Pearson's leg from side to side.

12. As a result of the brutal incident, Plaintiff Pearson suffered from a large gash on his left leg. The gash required twelve stitches to repair the severe injury. In addition, Plaintiff Pearson suffered a fractured arm and bruised rib.

13. Plaintiff alleges that only an unreasonable deputy would beat and subsequently release a K-9 officer on a handcuffed man under these circumstances and in the manner the Defendant Deputy Chaloner did.  Plaintiff similarly alleges that he never presented any threat to anyone that could justify the amount of force that the Defendant deputy used.

14. Plaintiff further alleges that each Defendant was reasonably on notice that Plaintiff Pearson posed no threat of harm to anyone at the time that he was kicked by Defendant Deputy Chaloner and subsequently bit by a K-9 officer while was handcuffed on the ground. Plaintiff further alleges that a reasonable officer in Defendant Deputy Chaloner position would have clearly been on notice that Plaintiff Pearson was unarmed and did not pose a threat of harm to anyone at the time that he was handcuffed on the ground.

15. The actions and omissions of County and the Defendant Alameda County Sheriff's Department Deputies was objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies and procedures of County and/or other jurisdictions.  County was also responsible for Plaintiff's injuries through its own acts and omissions, negligent and otherwise, by failing to properly and adequately investigate, train, supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents, including the officers and officials described herein.

16. The actions of Defendants' described herein was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiff's injuries and resulting damages.

## **DAMAGES**

17. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983, the Fourth and Fourteenth Amendment, Plaintiff was physically, mentally, and emotionally injured and damaged as a proximate result of the excessive force used against him.

18. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

### FIRST CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Detention)**
**(42 U.S.C. § 1983)**
**(Plaintiff Pearson against Defendants Chaloner and DOES 1-15)**

19. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 18 of this Complaint.

20. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendant Deputy Chaloner lacked the requisite reasonable suspicion to detain Plaintiff Pearson.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Unlawful Seizure)**
**(42 U.S.C. § 1983)**
**(Plaintiff Pearson against Defendants Chaloner and DOES 1-15)**

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. Defendants' above-described conduct violated Plaintiff's right as provided for under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures because Defendant Deputy Chaloner lacked the requisite probable cause to arrest Plaintiff Pearson.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Fourth Amendment of the United States Constitution- Excessive Force)**
**(42 U.S.C. § 1983)**
**(Plaintiff Pearson against Defendants Chaloner and DOES 1-15)**

23. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

24. Defendants' above-described conduct constituted violations of Plaintiff's rights as provided for under the Fourth Amendment to the United States Constitution. These rights include but are not limited to the right to be free from excessive force and/or the arbitrary and/or unreasonable use of force against him.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
(*Monell* - **42 U.S.C. § 1983**)
**(Plaintiff Pearson against Defendants County and DOES 1-25)**

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that high-ranking County officials, including high-ranking police supervisors such as DOES 16 through 25, and/or each of them, knew and/or reasonably should have known about systemic, unwarranted uses of force by DOES 1-15, and/or the Alameda Sheriff's Department.

27. Despite having such notice, Plaintiff is informed and believe and thereon allege that Defendant DOES 16-25, and/or each of them, approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said sheriff deputies.

28. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants Chaloner and DOES 1-15 and/or each of them, the Alameda County Sheriff's Department encouraged these deputies to continue their course of misconduct and ignored these deputies' lack of training, resulting in the violation of the Plaintiff's rights as alleged herein.

29. Plaintiff further allege that Defendant DOES 16-25, and/or each of them, were on notice of the Constitutional defects in their training of County police officers, including, but not limited to unlawful arrests and detentions not based on probable cause.

30. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking County officials, including high ranking County Sheriff Department supervisors DOES 16-25, Defendant Chaloner and DOES 1-15, and each of them resulted in the deprivation of Plaintiff's

constitutional rights including, but not limited to the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the Fourteenth Amendment to the United States Constitution and the right to be free from excessive force by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (Plaintiff Pearson against Defendants Chaloner and DOES 1-15)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with the Plaintiff Pearson's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

33. As a direct and proximate result of Defendant's violation of Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights, and suffered damages as set forth herein.

34. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code § 52.1(h).

35. Plaintiff is entitled to treble damages, but in no case less than $4,000.00 and an award of his reasonable attorney's fees pursuant to Civil Code § 52(a).

36. Under the provisions of California Civil Code §52(b), Defendant is liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)

**(Plaintiff Pearson against Defendants Chaloner and DOES 1-25)**

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendants Chaloner and DOES 1-25 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Chaloner and DOES 1-25 were acting within the course and scope of their employment and/or agency with Defendant County. As such Defendant County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Chaloner, and DOES 1-25 pursuant to section 815.2 of the California Government Code.

39. Defendants' negligently and without due care kicked then subsequently released a K-9 officer on a handcuffed Plaintiff Pearson without legal justification. Plaintiff was seriously injured as a proximate and direct cause of the Defendants' negligent conduct.

40. The violent and needless kicking and release of a K-9 officer on a handcuffed man occurred as a result of the absence of due care for the safety of others and constituted an unreasonable, unwarranted, and excessive use of force and manifested an unreasonable risk of injury to Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Battery)
**(Plaintiff Pearson against Defendants Chaloner and DOES 1-15)**

41. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 of this Complaint.

42. Defendant Deputy Chaloner intentionally kicked Plaintiff without any just provocation or cause. Further, Defendant Deputy Chaloner released a K-9 Officer on Plaintiff who was handcuffed at the time. The K-9 Officer viciously mauled Plaintiff. Defendants' conduct was neither privileged nor justified under state statute or common law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### EIGHT CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Plaintiff Pearson against Defendants Chaloner and DOES 1-15)

43. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint.

44. Defendants' above-described conduct was extreme, unreasonable and outrageous. Defendants' released a K-9 officer on Plaintiff while he was handcuffed and defenseless.

45. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

46. Plaintiff hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 25 and/or each of them;

4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

5. For cost of suit herein incurred; and

6. For injunctive relief enjoining Defendant from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

7. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

8. For violation of California Civil Code Section 52(b), punitive damages against Defendant sheriffs/police, $25,000.00 for each offense and reasonable attorney's fees;

9. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: September 26, 2016

   /s/ John L. Burris
John L. Burris Esq.,
Attorney for Plaintiff

**LAW OFFICES OF JOHN L. BURRIS**

Dated: September 26, 2016

   /s/ DeWitt Lacy
DeWitt Lacy Esq.,
Attorney for Plaintiff